**Dennis MICHAEL, et al., Plaintiffs**

v.

**Margarette GHEE, et al., Defendants**

**No. 3:01 CV 7436.**

United States District Court,
N.D. Ohio,
Western Division.

July 12, 2004.

Norman L. Sirak, Massillon, OH, for Plaintiff Dennis Michael and all other named plaintiffs.

Joseph R. Wilson, Office of the U.S. Attorney, Toledo, OH, for United States of America, Defendant.

## ORDER

CARR, District Judge.

This is a class action by Ohio prisoners against the Ohio Parole Board claiming, inter alia, reverse discrimination on the basis of race in the granting of parole. Pending is a motion by the state to stay proceedings. For the reasons set forth below, the motion will be granted.

Plaintiffs brought this action, pursuant to 42 U.S.C. § 1983, challenging various aspects of the "new" parole system in Ohio. Plaintiffs' claims are premised on § 1983. (Pl.'s Opp. to Motion to Stay, at 4.) Defendants request a stay (i.e., postponement of the filing of the state's reply brief to the state's motion for summary judgment) pending the Supreme Court's decision in *Wilkinson v. Dotson,* —— U.S. ——, 124 S.Ct. 1652, 158 L.Ed.2d 354 (2004), in which certiorari has been granted to review the Sixth Circuit's decision in *Dotson v. Wilkinson,* 329 F.3d 463 (6th Cir.2003). Plaintiffs oppose the request for a stay, pointing out that this case has been pending for nearly three years, and claiming that substantial prejudice will result from further delay.

## DISCUSSION

A federal district court's power to stay cases on its docket is a long-standing procedural tenet. In *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), the plaintiffs had brought suit in the district court in the District of Columbia, challenging the constitutionality of the Public Utility Holding Company Act of 1935, 49 Stat. 803, then codified at 15 U.S.C.A. § 79 *et seq.* There was another suit pending, however, in district court in New York, addressing the exact same challenge. Multiple suits began to pop up across the country, so the Attorney General moved to stay the case(s) in favor of the suit pending in New York. The district judge in *Landis* granted the motion, over the objection of the plaintiffs in that case, concluding that the New York suit would, at best, "dispose of all of the questions involved" in the D.C. case, but would, at least, "narrow the issues in the pending cases and assist in the determination of the questions of law involved." *Id.* at 253, 57 S.Ct. 163. Plaintiffs appealed.

Once the appeal reached the Supreme Court, the question was one of authority and propriety. The Supreme Court confirmed that the lower federal courts have the inherent authority to stay proceedings:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Id.* at 254–55, 57 S.Ct. 163.

Important to the Court's propriety analysis was a weighing of the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration. *Id.* at 255, 57 S.Ct. 163, These are the factors to be weighed in this case.

■ First, I conclude the case on appeal to the Supreme Court may have a dispositive effect on the instant case. This factor weighs heavily in favor of granting the stay.

In *Dotson v. Wilkinson,* 329 F.3d 463 (6th Cir.2003), the case in which the Supreme Court has granted certiorari, the Sixth Circuit reversed the district court's determination that inmates' claims of extensive improprieties in proceedings before

the Ohio Parole Board were not cognizable under § 1983. Such claims, the Sixth Circuit held, have to be asserted in a habeas corpus petition. In other words, the district court held that because the inmates could not satisfy the *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), requirement that prior to bringing a § 1983 case, one must have had his conviction/confinement overturned on direct appeal, invalidated via collateral attack (e.g., habeas corpus), or expunged by executed order, the inmates' § 1983 claims were subject to dismissal.

In reversing, the Sixth Circuit held that if the inmates were successful in their § 1983 due process challenges to their parole proceedings, it would not "necessarily imply" the invalidity of their convictions/continued confinement, and thus, *Heck* should not be a barrier to their claims. 329 F.3d at 471. This was so, the Sixth Circuit concluded, because the relief to be gained from their challenges was simply a new parole hearing for each, and because parole is discretionary in Ohio, release of the inmates was not a foregone conclusion. *Id.* The Sixth Circuit concluded that such procedural challenges may be brought under § 1983, regardless of the outcome of a prior challenge to the inmate's confinement. *Id.* at 472.

This question has plagued the circuit courts of appeal, which are hopelessly in conflict on this issue. The issue is now on appeal to the Supreme Court.

In the instant case, defendants have raised the *Heck* defense—i.e., that the § 1983 claims are not cognizable because the plaintiffs have not had sought invalidation of their continued confinement via, e.g., collateral attack. If the Sixth Circuit's decision in *Dotson* is correct, then plaintiffs' claims are not subject to dismissal on this ground. If, however, the Supreme Court reverses the Sixth Circuit, then plaintiffs' claims will be subject to dismissal in their entirety, as plaintiffs acknowledge they have not met the *Heck* requirement. (Pl.'s Opp. to Motion to Stay, at 6: "None of our Plaintiffs have previously invalidated their convictions, or their court-ordered sentences or their individual parole board decisions.") Certainly there should be finality and certainty as to whether there is even a legal basis for these claims prior to any adjudication of the claims on their merits—even a plaintiff-friendly decision would provide such finality and certainty.

■ Because *Dotson* has the potential to be completely dispositive of the instant case, the first factor weighs quite heavily in favor of a stay.[1]

■ As to the second factor, I conclude that the interest of judicial economy favors a stay. This case is massive and complex, as evidenced by the several hundreds of pages of briefs filed in support of or opposition to the defendants' motion for summary judgment. The Supreme Court's an-

---

1. Plaintiffs' suggestion that the Supreme Court's decision in *Dotson* cannot be applied retroactively to the instant case is wholly incorrect. A Supreme Court decision in civil cases becomes the law of the land for all cases which are pending when the Court issues its opinion. *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) ("When th[e Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be giv-

en full retroactive effect in all cases still open on direct review [i.e., pending cases] and as to all events, regardless of whether such events predate or postdate our announcement of the rule.") Further, *Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) addresses the retroactive application of *statutes*, not civil decisions, and is thus inapposite. Whatever the Supreme Court's disposition of *Dotson*, it will apply to the instant case.

swer to the question of law before it could negate the need for this Court to delve into the vast majority of the legal issues presented in those filings. It makes little sense to undertake the herculean task of plodding through the motions when one decision by the Supreme Court could invalidate the entire case. This factor weighs heavily in favor of a stay.

■ The third factor, the public's interest/welfare, does not tilt the balance heavily either way. The instant challenges to the Ohio parole system are all-encompassing. The public has an interest in fundamentally fair parole decisions. It also, however, has an interest in parole decisions that protect the public from potential future harm. This factor weighs in, if at all, on the side of granting the stay.

■ Finally, as to the hardship/prejudice to the party opposing the stay, I conclude that the risk of prejudice to the plaintiffs does not outweigh the factors favoring a stay of these proceedings. The delay resulting from a stay will be, in all likelihood, less than a year. If the plaintiffs' view prevails before the Supreme Court, I can and will promptly adjudicate the pending motion and, depending on its outcome, expedite any further proceedings.

That effort would, however, be wasted and unnecessary, if the defendants' view prevails in the Supreme Court. Any interim victory plaintiffs might have reached here in the meantime would have been temporary and meaningless. On balance, the prejudice to the plaintiffs, which I acknowledge might exist, is not so great that it trumps other considerations.

### CONCLUSION

It is therefore

**ORDERED THAT** defendants' motion for a stay, be and hereby is granted. The proceedings in this case are STAYED until such time as the Supreme Court comes to a final disposition of *Wilkinson v. Dotson*.

**So ordered.**